**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BETTY DAVIS, individually and as
Executrix of the Estate of VICTOR C. DAVIS,**

      **Plaintiff,**

*vs*.                                        **CIVIL ACTION NO. 1:10CV74
Judge Stamp**

**CSX TRANSPORTATION, INC.,**

      **Defendants.**

### ORDER/OPINION

On May 5, 2010, Plaintiff, Betty Davis filed her Complaint in this Court [DE 3] and on June 7, filed her Amended Complaint [DE 6]. On June 10, 2010, Defendant CSX Corporation filed its Answer [DE 7]. That same date Defendant served its first discovery requests on Plaintiff [See DE 10]. On June 11, 2010, the Court entered its First Order and Notice Regarding Discovery and Scheduling, ordering the parties to meet for an Initial Planning Meeting on or before August 5, 2010, and to make their Initial Discovery Disclosures on or before September 2, 2010 [DE 12]. The parties conferred by telephone to conduct their Rule 26(f) conference on July 23, 2010, and filed their Report of Rule 26(f) Planning Meeting on August 12, 2010 [DE 15]. The Court entered its Scheduling Order on August 18, 2010 [DE 17].

Fed.R.Civ.P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," subject to certain exceptions which do not appear to apply here. The parties' Rule 26(f) conference did not take place until July 23, 2010. Defendant's discovery requests were therefore premature. On the other hand, Plaintiff made no response to the discovery requests whatsoever, whether substantive or in the form of an objection. Alternatively, Plaintiff could have filed a motion for protective order pursuant to Rule 26(c), asking

the Court to rule that the party did not have to respond to the discovery requests. Moreover, according to Defendant, Plaintiff's counsel affirmatively advised that responses were forthcoming.

Defendant complains that, while withholding its own responses, Plaintiff served her own discovery requests on August 2, 2010. A review of the docket shows no Certificate of Service filed with the Court on that date or any date for Plaintiff's discovery requests. Further, the Certificate of Service attached to the requests is undated.

In conclusion, I find that this entire dispute could have been avoided had counsel abided by the Federal and Local Rules. Defendant's Motion to Compel [DE 14] is therefore **DENIED without prejudice**. Pursuant to the Court's power to control discovery, however, Defendant shall not be required to re-serve its requests. Instead, the discovery requests will be treated as having been served today's date. Responses from Plaintiff are therefore due within 30 days of entry of this Order. Further, the Court finds Plaintiff has not at this time waived objections for failure to respond.

Plaintiff is directed to file a Certificate of Service with the Court for her discovery requests. Defendant's responses to Plaintiff's discovery requests shall be due within 30 days of the filing with the Court of the proper Certificate of Service.

Both parties retain the right to file proper Motions to Compel should they be required, paying particular attention to Fed.R.Civ.P 37(a)(1) and Local R.Civ.P. 37.02.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record

DATED: August 24, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE