IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BETTY JO DAVIS, individually
and as Executrix of the
Estate of VICTOR C. DAVIS,

    Plaintiff,

v.                                    Civil Action No. 1:10CV74
                                                   (STAMP)

CSX CORPORATION, INC.,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  Background

The plaintiff, Betty Jo Davis, individually and as Executrix of the Estate of Victor C. Davis, instituted this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), alleging that her late husband contracted squamous cell carcinoma of the thymus as a result of occupational exposure to creosote while employed by the defendant, CSX Corporation, Inc. ("CSX"). Victor C. Davis, the decedent, worked for CSX as a trackman and machine operator from 1975 until 2006. During this time, it is alleged that he was exposed to creosote on a daily basis. On August 16, 2006, Mr. Davis was diagnosed with thymic cancer. He died from thymic cancer on May 31, 2007 at the age of 57. The plaintiff initiated this lawsuit on May 5, 2010.

On August 5, 2011, the defendant filed a motion for summary judgment. In support of its motion, CSX argues: (1) the plaintiff's claims are barred by the statute of limitations; and

(2) the plaintiff cannot present a prima facie case as the plaintiff has not produced any admissible expert evidence or testimony that exposure to creosote caused the decedent's thymic cancer.  The plaintiff filed a response in opposition to the motion for summary judgment on August 26, 2011, in which she argues that her wrongful death claim was timely filed under the FELA.  Additionally, the plaintiff contends that she has presented a prima facie case that exposure to creosote while working as a trackman and machine operator for CSX caused her husband's thymic cancer and untimely death.  CSX did not file a reply in support of its motion for summary judgment.  For the reasons set forth below, this Court grants in part and denies in part the defendant's motion for summary judgment.

II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

2

(1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

#### A. Statute of Limitations

In its motion for summary judgment, CSX contends that the statutory period on the decedent's personal injury claim expired before his personal representative filed suit. Accordingly, CSX alleges that the plaintiff's personal injury claims have been extinguished. Further, since the plaintiff's wrongful death claim is derivative of and dependent upon her late husband's personal injury claim, CSX argues that it was also extinguished when the statute of limitations expired on August 16, 2009 -- three years after the date that the decedent was diagnosed with cancer. The defendant argues that under the FELA, a cause of action accrues when the plaintiff is or should be aware that he has been injured, which in alleged occupational disease cases such as this, would be when the symptoms manifest themselves.

In response, the plaintiff argues that when a decedent maintains a cause of action at the time of his death, the statute

of limitations for a wrongful death action is three years from the date of the decedent's death. Thus, because this case was filed on May 5, 2010, less than three years after the decedent's death on May 31, 2007, the wrongful death claim must stand. Further, the plaintiff argues that because the wrongful death action is not time-barred, the decedent's personal representative is not barred from instituting an action for wrongful death. The plaintiff does concede, however, that Count I of the complaint, brought on behalf of the Estate of Victor C. Davis, is time-barred by the three-year FELA statute of limitations. Accordingly, this Court finds that summary judgment can be granted as to Count I of the complaint.

Section 56 of the FELA provides, in pertinent part: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. It is the defendant's theory that the cause of action accrued, at the very latest, on August 16, 2006 when the decedent was diagnosed with thymic cancer. In arguing this point, the defendant relies heavily on Flynn v. New York, N.H. & H. R. Co., 283 U.S. 53 (1931), and Urie v. Thompson, 337 U.S. 163 (1949). In Flynn, the Supreme Court of the United States held that the right to recover for benefit of the dependents of a deceased employee is barred where the employee failed to sue for injury within two years after the accident. Flynn, 283 U.S. at 55. In Urie, the plaintiff, who had been employed as a fireman on steam locomotives for thirty years, was diagnosed with silicosis in 1940 and forced

to quit work.  Urie, 337 U.S. at 165-66.  The Supreme Court noted that there was "no suggestion that Urie should have known that he had silicosis" before he became too ill to work in May of 1940.  Id. at 170.  Thus, the Supreme Court held that the plaintiff's claim was not barred by the statute of limitations because "the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves."  Id. at 171 (internal quotation omitted). Using this logic, CSX argues that in this case, the statute of limitations began to accrue when the decedent had reason to know he had been injured, specifically, when he was diagnosed with thymic cancer. See Young v. Clinchfield R. Co., 288 F.2d 499, 503 (4th Cir. 1961) ("The Urie case unquestionably demonstrates the Court's view that when the nature of the injury is such that it does not manifest itself immediately, the determination of when the cause of action accrued does not depend on when the injury was inflicted.  To the contrary, the cause of action accrued only when the plaintiff has reason to know he has been injured.  Generally this will be when his condition is diagnosed.").

In her response to the defendant's motion for summary judgment, the plaintiff relies upon Baltimore & Ohio S.W. R. Co. v. Carroll, 280 U.S. 491 (1930), and McGhee v. Chesapeake & Ohio R. Co., 173 F. Supp. 587 (W. D. Mich. 1959).  In Carroll, the Supreme Court held that "[t]he cause of action which arises from death accrues at the time of death, and the . . . period of limitation

6

then begins." Carroll, 280 U.S. at 495 (citing Reading Co. v. Koons, 271 U.S. 58 (1926)). The McGhee court also held that the statute of limitations began to accrue at the time of the death of the decedent. McGhee, 173 F. Supp. at 590. According to the plaintiff, the decedent maintained a cause of action under FELA at the time of his death because he died only nine months after he was diagnosed with thymic cancer -- well within the three-year statute of limitations provided by the FELA. Thus, the plaintiff argues that the statute of limitations for a wrongful death action began to run upon the date of his death -- May 31, 2007.

In analyzing the parties' claims, this Court finds the McGhee case to be particularly instructive. In McGhee, the district court held that the FELA establishes two separate and distinct causes of action: (1) the decedent's cause of action for personal injury; and (2) the personal representative's wrongful death action. McGhee, 173 F. Supp. at 590. Relying on Flynn, the court determined that the wrongful death action accruing to the surviving dependents is "derivative and dependent upon the continuance of a right in the injured employee at the time of his death." Id. Therefore, "the personal representative of a decedent is barred from instituting an action for wrongful death because of the statute of limitations contained in § 56 only if such statutory three year period expires during the lifetime of the decedent." Id. In this case, Mr. Davis' cause of action for personal injury had not expired at the time of his death, so the statute of limitations on his wife's

wrongful death claim began to run from the date of his death. Because this case was initiated within the three-year statutory period, summary judgment is not appropriate as to Count II of the plaintiff's complaint.

B.   <u>Admissibility of Expert Evidence/Testimony</u>

In its motion for summary judgment, CSX also argues that because the plaintiff has not produced any admissible expert evidence or testimony that exposure to creosote caused the decedent's thymic cancer, the plaintiff cannot carry her burden to show that the alleged exposure has a causal connection to the disease. CSX contends that the plaintiff cannot establish a prima facie case to submit to the jury and thus, CSX is entitled to summary judgment.

In response, the plaintiff asserts that the expert report and testimony of Dr. Frederick W. Fochtman is admissible under the <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), standard. The plaintiff further states that it is Dr. Fochtman's opinion that Mr. Davis' thymic cancer was caused by his chronic exposure to coal tar creosote, and that this establishes a prima facie case to submit to a jury.

This Court recognizes that the defendant has filed a motion in limine to exclude the testimony of Dr. Fochtman, or, in the alternative, for a <u>Daubert</u> hearing prior to trial. The plaintiff has filed a response in opposition to this motion in limine, in which she argues that Dr. Fochtman is qualified as an expert

witness and is also qualified to testify as to causation of Mr. Davis' thymic cancer.  Because the issue of the admissibility of Dr. Fochtman's testimony is still pending, this Court finds that summary judgment on that issue must be denied.

IV. Conclusion

For the reasons stated above, the defendant's motion for summary judgment is DENIED as to Count II of the plaintiff's complaint and as to the issue of admissible expert testimony. Summary judgment is GRANTED as to Count I of the plaintiff's complaint, as it is time-barred by the three-year FELA statute of limitations.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    December 21, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE