```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BETTY JO DAVIS, individually
and as Executrix of the
Estate of VICTOR C. DAVIS,

    Plaintiff,

v.Civil Action No. 1:10CV74
(STAMP)
CSX TRANSPORTATION, INC.,

    Defendant.


**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION IN LIMINE TO PROHIBIT
INTRODUCTION OF EVIDENCE OF DAMAGES NOT AVAILABLE AND
DENYING AS MOOT DEFENDANT'S MOTION FOR EXPEDITED RULING**

## I. Background

The plaintiff, Betty Jo Davis, individually and as Executrix of the Estate of Victor C. Davis, instituted this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), alleging that her late husband contracted squamous cell carcinoma of the thymus as a result of occupational exposure to creosote while employed by the defendant, CSX Transportation, Inc. ("CSX").  Victor C. Davis, the decedent, worked for CSX as a trackman and machine operator from 1975 until 2006.  During this time, it is alleged that he was exposed to creosote on a daily basis.  On August 16, 2006, Mr. Davis was diagnosed with thymic cancer.  He died from thymic cancer on May 31, 2007 at the age of 57.  The plaintiff initiated this lawsuit on May 5, 2010.

On December 27, 2011, the parties appeared at the Wheeling point of holding court for a pretrial conference. At the pretrial conference, the undersigned judge requested additional briefing on a variety of issues, including the question of what damages the plaintiff is entitled to receive.

Pursuant to this Court's December 27, 2011 order, on December 30, 2011, the plaintiff submitted a memorandum of law regarding the plaintiff's damages (ECF No. 116). In this memorandum, the plaintiff argues that she is entitled to seek the following damages: (1) decedent Victor C. Davis' net loss wages and benefits to the date of trial; (2) decedent Victor C. Davis' future net loss wages and benefits; (3) the loss of support and other financial benefits decedent would have provided to his wife, Betty Jo Davis; (4) the loss of support and other financial benefits decedent would have provided to his son, Bracci Davis; (5) the loss of support and other financial benefits decedent would have provided to his son, Kaleb Davis; (6) loss of services decedent would have provided to his wife, Betty Jo Davis; (7) loss of services decedent would have provided to his son, Bracci Davis; (8) loss of services decedent would have provided to his son, Kaleb Davis; (9) pain and suffering experienced by decedent, Victor C. Davis, before he died; and (10) disfigurement from surgical scarring, swelling and extreme weight loss suffered by decedent, Victor C. Davis. According to the plaintiff, she is entitled to damages that are equivalent to compensation for deprivation of a reasonable expectation of

pecuniary benefits that would result from continued life of the deceased.

Also on December 30, 2011, the defendant filed a brief regarding available damages and motion in limine to prohibit introduction of evidence of damages not available (ECF No. 119). The defendant contends that because the plaintiff's decedent's personal injury claim has been dismissed and all that survives is the wrongful death claim pursuant to 45 U.S.C. § 51, the only damages available to the plaintiff are for financial support she can prove she reasonably expected to receive.  Thus, the defendant asks that this Court prohibit the plaintiff from eliciting, introducing, or otherwise arguing items of damages that she cannot recover.

On January 4, 2012, the defendant filed a response to the plaintiff's memorandum of law regarding plaintiff's damages (ECF No. 122), in which it reiterates its argument that the only damages available in this action are the pecuniary losses that the plaintiff can prove she reasonably expected to receive from the decedent.  Also on January 4, 2012, the defendant filed objections to the plaintiff's exhibits (ECF No. 124), in which the defendant objects to the introduction of exhibits relating to damages that it contends are not available.[1]  Additionally, the defendant filed a

---

[1]Specifically, the defendant objects to plaintiff's exhibits J, K, and L through S.  At the motion hearing on January 9, 2012, this Court deferred ruling on the objections to these exhibits, stating that they may be relevant for some purpose other than damages.

motion for an expedited ruling as to the measure of damages available in this action. The plaintiff filed a response to the motion for an expedited ruling on January 5, 2012, in which she argues that the Court should rule that the plaintiff may seek to recover for the pain and suffering experienced by the decedent before his death. On January 5, 2012, this Court scheduled a hearing regarding the measure of damages, and counsel for both parties appeared via telephone for a hearing on January 9, 2012. This order hereby confirms the pronounced order of the Court at the January 9, 2012 hearing.

## II.     Applicable Law

In a FELA action for the death of an employee brought by his personal representative for the benefit of his beneficiaries, the representative is entitled to recover such damages "as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries." Michigan Cent. R. Co. v. Vreeland, 227 U.S. 59, 70 (1913); see Horton v. Seaboard Air Line Ry. Co., 95 S.E. 883, 885 (N.C. 1918) ("Under the [FELA] the jury must find, as to each plaintiff, what pecuniary benefit each plaintiff had reason to expect from the continued life of the deceased, and the recovery must be limited to compensation of those relatives, in the proper class, who are shown to have sustained such pecuniary loss."). This includes both the estimated value of the portion of the deceased's earnings that he could reasonably have been expected to

give to his family, as well as certain less tangible items, such as care and training of his children and services around the home. See Norfolk & W. R. Co. v. Holbrook, 235 U.S. 625, 629 (1915). However, no allowance can be made for the anguish and grief of the decedent's relatives, for loss of consortium and companionship, or for funeral expenses. See Vreeland, 227 U.S. at 71; Dubose v. Kansas City Southern R. Co., 729 F.2d 1026, 1033 (5th Cir. 1984) ("Funeral expenses . . . may not be included in damages awarded in FELA actions.").

One intangible element that the jury may consider is the pecuniary value of a father's care, attention, instruction, training, advice and guidance to his minor children. See Holbrook, 235 U.S. at 629. An adult child of the decedent may also recover pecuniary damages after the age of majority if there is evidence introduced to show such damages. However, "[i]n the absence of evidence that an adult child is either dependent upon or had any reasonable grounds for expecting any pecuniary benefit from a continuance of the decedent's life, a recovery on behalf of such child is excluded." Kozar v. Chesapeake & Ohio Ry. Co., 449 F.2d 1238, 1243 (6th Cir. 1971) (quoting Thompson v. Camp, 163 F.2d 396, 403 (6th Cir. 1947)).

A second intangible for which recovery can be had is the services that the husband would have performed around the home. See Alabama Great S. R. Co. v. Cornett, 106 S.O. 242, 248 (Ala. 1925); Ward v. Denver & R. G. W. R. Co., 85 P.2d 837, 849 (Utah

1939) ("A husband's services in the home often have a pecuniary value which it would cost money to replace, such as chores, marketing, and the like.").

As both parties in this case have noted, the FELA creates two causes of action for negligence -- one for the wrong to the injured person, which is confined to his personal loss and suffering before he died, and another for the wrong to the beneficiaries, which is confined to their pecuniary loss through his death.  See Burns v. Marine Transp. Lines, Inc., 207 F. Supp. 276, 277 (S.D.N.Y. 1962) (discussing the Jones Act, which incorporates provisions of the FELA).  The action for the decedent's pain and suffering accrues at the time of injury, while the wrongful death action accrues at death.  Reading Co. v. Koons, 271 U.S. 58, 64 (1926).

### III.  Discussion

After considering the motions, memoranda, and objections of the parties, as well as the case law described above, this Court finds that the plaintiff is entitled to seek the following damages: (1) decedent Victor C. Davis' net loss wages and benefits to the date of trial; (2) decedent Victor C. Davis' future net loss wages and benefits; (3) the loss of support and other financial benefits decedent would have provided to his wife, Betty Jo Davis; and (4) loss of services decedent would have provided to his wife, Betty Jo Davis.  If the plaintiff presents evidence that Bracci and Kaleb Davis were either dependant upon, or had any reasonable grounds for expecting any pecuniary benefit from a continuance of their

father's life, the plaintiff <u>may</u> be able to seek to recover damages for: (1) the loss of support and other financial benefits decedent would have provided to his son Bracci Davis; (2) the loss of support and other financial benefits decedent would have provided to his son Kaleb Davis; (3) loss of services decedent would have provided to his son Bracci Davis; and (4) loss of services decedent would have provided to his son Kaleb Davis.

In its memorandum opinion and order dated December 21, 2011, this Court dismissed the plaintiff's personal injury cause of action, finding it to be time-barred by the three-year FELA statute of limitations.  Thus, only the plaintiff's wrongful death action remains.  Because the wrongful death action did not accrue until the time of Victor Davis' death, the plaintiff cannot recover for pain and suffering experienced by the decedent before he died, or for disfigurement from surgical scarring, swelling, and extreme weight loss suffered by the decedent.

## IV.  <u>Conclusion</u>

For the reasons stated above, the defendant's motion in limine to prohibit the introduction of evidence of damages not available (ECF No. 119) is GRANTED IN PART AND DENIED IN PART.  Further, the defendant's motion for an expedited ruling (ECF No. 127) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    January 10, 2012

>                    /s/ Frederick P. Stamp, Jr.
>                    FREDERICK P. STAMP, JR.
>                    UNITED STATES DISTRICT JUDGE